IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TADAMICHI TAYAMA, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| RIOM CORPORATION, AND TOKIO CORPORATION, ANDREW GUTIERREZ D/B/A CADD DESIGN SERVICES, AND DARRELL LEE MANN S D/B/A CADD DESIGN SERVICES. | § § § § § § | NO. 2:11-CV-167-J |
| Defendants. | | |

### Memorandum Opinion

Before the Court is Tokio Corporation's *Motion to Dismiss for Improper Venue, or alternatively, to Transfer Venue to a Proper District, Pursuant to 28 U.S.C. § 1406(a)* and RIOM Corporation's *Motion to Dismiss for Improper Venue, or alternatively, to Transfer Venue to a Proper District, Pursuant to 28 U.S.C. § 1406(a)*. Plaintiff Tadamichi Tayama accuses the RIOM and Tokio corporations (collectively referred to as "Defendants") of copyright infringement. Because the Defendants' legal arguments and facts presented are similar and overlapping, the Court will address their motions together.

### Facts

Since 2008, Plaintiff Tadamichi Tayama has been the owner and operator of the Kabuki Romanza, a Japanese-style steakhouse located in Amarillo, Texas. Kabuki Romanza is a "teppan style" Japanese steakhouse where customers sit around individual grills and the chef prepares their food in front of them. At Kabuki Romanza a number of the grills are located on a boat surrounded by water. The Plaintiff claims that Defendants infringed his copyrighted building

design when they created their own Japanese-style steakhouse in Midland, Texas, and that the architects Andrew Gutierrez and Darrell Lee Mann of CADD Design infringed his copyright by aiding the Defendants.

Defendant RIOM Corporation built and is the property owner of the Osaka Japanese Steakhouse in Midland, Texas. RIOM Corporation owns only that property. Defendant Tokio Corporation operates the Osaka Japanese Steakhouse. Tokio Corporation was incorporated on April 7, 2009. RIOM Corporation was incorporated on July 21, 2008. Irma Ogle, director of RIOM Corporation and vice-president of Tokio Corporation, and Rigoberto Manriquez, the president of both corporations, have been operating an earlier Osaka Japanese Steakhouse in Odessa, Texas, at least since the beginning of the last decade. This suit involves the Osaka Japanese Steakhouse built in July, 2010 in Midland, Texas.

The Plaintiff alleges that on March 12, 2008, Rigoberto Manriquez and Irma Ogle traveled with an architect, Andy Gutierrez, and a builder, Chris Mahan to Amarillo for the purpose of photographing and examining the copyrighted designs of Plaintiff's restaurant. Manriquez charged the meal to a credit card account that listed his name and the place of his business as "Osaka Japanese Steakhouse." Plaintiff alleges Defendants then used the material gained by this visit to design and build the Osaka Japanese Steakhouse in Midland.

Defendants ask that this Court transfer the suit to the Western District of Texas, Midland Division, arguing that they have no contacts with the Northern District of Texas. Plaintiff argues that the visit from Manriquez, Gutierrez, and Ogle to his restaurant was a significant enough contact to find this district is the proper venue. Defendants do not deny they were in Amarillo that day and investigated and photographed Plaintiff's copyrighted facilities, but argue that

RIOM and Tokio had yet to be incorporated, so the actions of Ogle and Manriquez cannot be imputed to them to establish venue.

**Legal Standard**

This case arises out of an alleged infringement of copyright. Venue is proper for cases of copyright infringement in "the district in which the Defendant or its agent resides or may be found." 28 U.S.C. § 1400(a). "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." *Isbell v. DM Records, Inc.*, 2004 WL 1243153, at *13 (N.D. Tex. June 4, 2004); *Burkitt v. Flawless Records, Inc.*, 2005 WL 6225822 (E.D. La. 2005).

Although the Fifth Circuit has not determined the meaning of the "may be found" language of 28 U.S.C. 1400(a), there is wide agreement that a Defendant may be found in a district where personal jurisdiction over a Defendant could be maintained. However, there must be contacts with that specific district, not merely a specific state. See *Milwaukee Concrete Studios, Ltd.* 8 F.3d 441 (7th Cir. 1993); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction."); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004). *See also General Design Sign Company, Inc. v. American General Design.*, 2003 WL 251931, at *2 (N.D.Tex. 2003); Charles A Wright and Arthur R. Miller, Fed. Prac. & Proc. § 319 (3d ed.) (2011 update).

On a motion to dismiss for lack of jurisdiction without an evidentiary hearing, uncontroverted allegations in the plaintiffs' complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor

when determining whether a *prima facie* case for personal jurisdiction exists. *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000) (citing *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 326 (5th Cir.). The prima facie showing may be established by the pleadings, depositions, affidavits, or exhibits of record. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir.) "'[E]ach defendant's contacts with the forum state must be assessed individually.'" *See Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390 (5th Cir. 2010).

"A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. First, the forum state's long-arm jurisdiction statute must confer personal jurisdiction. See Fed. R. Civ. P. 4(e)(1), (h)(1), and (k)(1). Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Mink v. AAAA Dev. LLC*, 189 F.3d 335 (5th Cir. 1999). Courts have established Texas' long-arm jurisdiction statute extends to the limits of Due Process. *See* 2 Tex. Civ. Prac. & Rem.Code Ann. § 17.042 (West 1997); *Schlobohm v. Schapiro*, 785 S.W.2d 355, 357 (Tex. 1990); *Aviles v. Kunkle,* 978 F.2d 201, 204 (5th Cir. 1992).

The Due Process clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantive justice." *See Intl' Shoe Co. v. Washington*, 326 U.S. 310 (1945). "Minimum contact" with a forum state may be established through specific or general jurisdiction. Specific jurisdiction is established if a defendant's contacts with the forum state "arise from, or are directly related to, the cause of action." *See Lewis v. Fresne*, 252 F.3d

352, 358 (5th Cir. 2001); *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113 (1987)(citing *Int' Shoe Co,* 326 U.S. at 316). "When a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities," the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant." *Central Freight Lines Inc, v. APA Transport Corp.,* 322 F.3d 376, 381 (5th Cir. 2003)(citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

## Discussion

Plaintiff argues that the March 2006 visit to Plaintiff's steakhouse was the source of Defendants' copyright infringement. He argues that those contacts are sufficient to find personal jurisdiction, and concurrently venue, under § 1400(a). He attaches the affidavits of himself and his employee Lan Tat. Lan Tat avers that in March 2008, Irma Ogle and Rigoberto Manriquez, who are executives of both corporations, visited Plaintiff's restaurant. Tat further avers that while they were at the restaurant, they asked questions about the design of the restaurant and took photos of various fixtures which Plaintiff alleges were later incorporated into Defendants' Midland restaurant. Defendants argue that the actions of corporate officers pre-incorporation cannot be imputed to the later formed corporation.

Generally the pre-incorporation actions of a corporate promoter cannot be imputed to a corporation because a corporation that does not exist cannot have agents. *Fish v. Tandy Corp.,* 948 S.W.2d 886, 897 (Tex.App.-Forth Worth 1997, pet. denied). But under Texas law, "[A]n entity not yet incorporated will still be held liable for pre-incorporation acts that are ratified or *from which the entity derives benefit.*" *Costal Shutters and Insulation, Inc. v. Derr,* 809 S.W.2d 916, 920 (Tex.App.—Houston [14th Dist.] 1991, no writ)(emphasis added).

In his response to Defendants' motions, Plaintiff presents a receipt that shows that Manriquez listed his business as "Osaka Japanese Steakhouse." Plaintiff argues that Defendants directly benefited from the pre-incorporation actions of their officers when they incorporated Plaintiff's copyrighted designs accessed during the March 2008 trip. Plaintiff also argues the hiring of architect Andy Guiterrez, who is a resident of Lubbock, Texas and who was hired to design Osaka Japanese Steakhouse's building, were further contacts with the Northern District of Texas.

Resolving the facts in Plaintiff's favor, Manriquez and Ogle visited Plaintiff's restaurant seeking information of Plaintiff's designs for use in their own restaurant. RIOM and Tokio were incorporated to own and manage the building and business of that new restaurant and are clearly entities that derive benefit from the March 12, 2008 activities of Manriquez and Ogle. The actions of Manriquez and Ogle may be imputed to RIOM and Tokio for purposes of establishing venue under § 1400(a).

Access to copyrighted material is an element to a cause of action for copyright infringement. *Plains Cotton Cooperative Assoc. of Lubbock, TX v. Goodpasture Computer Service,* Inc., 807 F.2d 1256, 1260 (5th Cir. 1987). Even a single contact with a forum can create personal jurisdiction if that contact is part of the cause of action. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999). The March 2008 visit is a sufficient contact with the forum to establish venue.

### Conclusion

Plaintiff has established that Defendants have sufficient contacts with the Northern District of Texas to establish venue pursuant to 28 U.S.C. § 1400(a).

IT IS SO ORDERED.

Signed this 21st day of February 2012.

MARY LOU ROBINSON

**UNITED STATES DISTRICT JUDGE**